IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JOHN M. STINSON,                    )
                                    )
      Plaintiff,                    )
                                    )
            v.                      )    1:05cv1026 (JCC)
                                    )
ASSET ACCEPTANCE, LLC,              )
                                    )
      Defendant.                    )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant's motion for summary judgment and Plaintiff's motion for partial summary judgment.  For the reasons stated below, the Court will deny in part and grant in part Defendant's motion for summary judgment and deny in part and grant in part Plaintiff's motion for partial summary judgment.

**I. Background**

Plaintiff, John M. Stinson, noticed in August of 2004 that his credit report included a debt allegedly owed to Defendant, Asset Acceptance, LLC.  Plaintiff alleges that he called Defendant on August 24, 2004 to inquire about the debt and to receive documentation regarding the debt.  Plaintiff alleges that representatives of Defendant required him to immediately pay large sums of money to receive any documentation of the debt. Plaintiff claims that he "buckled under the pressure" and agreed

to pay Defendant $75 per month electronically.  (Plf's Mot. 1.)
Plaintiff allegedly wrote to Defendant on August 30, 2004,
requesting verification of the debt and asking to not be
contacted by telephone in the future.  Defendant allegedly
received this letter on September 2, 2004.  On September 1, 2004,
Plaintiff placed a stop payment on the electronic check he had
issued to Defendant.  Plaintiff alleges that he received the
first written communication from Defendant on September 2, 2004.
The letter was dated August 27, 2004.

Following this written communication, Plaintiff alleges
that he received numerous phone messages from Defendant in which
Defendant did not identify itself as a debt collector.  Plaintiff
also alleges that Defendant mailed him several letters which
sought to recover the balance owed rather than respond to
Plaintiff's dispute and request for verification.

Defendant claims that it purchased Plaintiff's credit
card account from MBNA Services.  Plaintiff does not recall
having a credit card with MBNA Services.  According to
Defendant's account records, it sent Plaintiff a "First Notice"
on April 11, 2003.  Defendant also alleges that it has no record
of receiving from Plaintiff a written notice of dispute and
request for validation.

On April 5, 2005, Defendant initiated an arbitration claim against Plaintiff.  The arbitration was subsequently dismissed.

On September 1, 2005, Plaintiff filed a complaint alleging several violations of the Fair Debt Collection Practice Act ("FDCPA"), including Defendant's failure to disclose its status as a debt collector on phone messages, failure to provide a "civil Miranda notice" as required by FDCPA, attempting to collect a debt after having received a timely notice of dispute, and attempting to collect sums which are not owed or authorized. On May 23, 2006, Plaintiff filed a motion for partial summary judgment.  Plaintiff asks in his motion that this Court find a violation of FDCPA, award Plaintiff $1,000 in statutory damages, and continue the matter for a jury to determine actual damages. On May 26, 2006, Defendant filed a motion for summary judgment as to all claims.  In Plaintiff's response to Defendant's motion, he withdrew his claim under 15 U.S.C. § 1692d(5).  These motions are currently before the Court.

## II. Standard of Review

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *See* Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs.*

-3-

*Applications & Serv., Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996) (citations omitted).  The party seeking summary judgment has the initial burden to show the absence of a material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

     Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  The party opposing summary judgment may not rest upon mere allegations or denials.  A "mere scintilla" of evidence is insufficient to overcome summary judgment.  *Anderson*, 477 U.S. at 248-52.  Unsupported speculation is not enough to withstand a motion for summary judgment.  *See Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986).  Summary judgment is appropriate when, after discovery, a party has failed to make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.   In reviewing the record on summary judgment, "the court must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier

of fact to find for the non-movant." *Brock v. Entre Computer Ctrs.*, 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted).

### III. Analysis

A. Violation of 15 U.S.C. § 1692c(c)

Plaintiff claims a violation of 15 U.S.C. § 1692c(c) because Defendant allegedly contacted him by telephone after being instructed in writing not to do so.  Defendant asks this Court to grant its motion for summary judgment as to this claim because it "has no record of receiving a written notice from Plaintiff requesting that Asset cease communications with him. *See* Proctor Affidavit, ¶ 7."  (Def.'s Mot. 4.)  However, in response, Plaintiff offers a receipt of the United State Post Office's sworn certificate allegedly documenting Defendant's receipt of Plaintiff's demand to cease communications.  Quite simply, there could not be a clearer instance of a disputed material issue of fact than this.  Thus, the Court will deny Defendant's motion for summary judgment on this claim.

B. Violation of 15 U.S.C. § 1692e(11)

Plaintiff claims that Defendant violated 15 U.S.C. § 1692e(11) by leaving voice messages for Plaintiff without providing a notice that the caller was a debt collector and the communication would be used to collect a debt.  Defendant claims, however, that leaving answering machine messages is not a "communication" that falls within the purview of § 1692e(11).

-5-

Section 1692e(11) states that "failure to disclose in subsequent communications [beyond the first communication] that the communication is from a debt collector" is a violation of the section.  Title 15 U.S.C. § 1692a(2) states that "[t]he term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium." Defendant claims that the recorded message itself must relate to the debt to be a communication, and since the messages just ask Plaintiff to return a call, they do not qualify as communications.  (Def.'s Opp. 4.)  The Court disagrees.

First, the plain language of the definition of 'communication' is extremely broad, thus encompassing a wide range of acts.  Any medium can be used to classify as a communication, and it includes all information regarding a debt. Thus, the logical interpretation of what constitutes communication includes relaying a phone number for the purposes of having the call returned to discuss a debt.  Other courts have reached this interpretation as well in *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005) and *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y 2006).  In fact, *Foti* notes that such an interpretation is necessary, for

> a narrow reading of the term 'communication' to exclude
> instances such as the present case where no specific
> information about a debt is explicitly conveyed could
> create a significant loophole in the FDCPA, allowing

-6-

> debtors to circumvent the § 1692e(11) disclosure
> requirement, and other provisions of the FDCPA that
> have a threshold 'communication' requirement, merely by
> not conveying specific information about the debt.

*Foti*, 2006 U.S. Dist. LEXIS 13857, at *31 (S.D.N.Y. Mar. 28,

2006).  Thus, the Court will grant Plaintiff's motion for summary

judgment as to the violation of § 1692e(11).

C. Violation of 15 U.S.C. § 1692f(1)

Plaintiff claims a violation of 15 U.S.C. § 1692f(1) in

three ways, the first of which is because Defendant allegedly

sought sums which are not authorized or owed.  Defendant contends

that it relied upon MBNA Services' representation that Plaintiff

owed the debt when it purchased the account and received the

credit card statements.  It further claims that such reliance is

sufficient for commencing debt collection since a collector need

not conduct an independent investigation into the validity of an

account before attempting collection.  In support of this

contention, Defendant cites *Chaudhry v. Gallerizzo*, 174 F.3d 394

(4th Cir. 1999) and *Smith v. Transworld Systems, Inc.*, 953 F.2d

1025 (6th Cir. 1992).  However, neither case addresses alleged

violations of § 1692f(1), and they are therefore unpersuasive.

The parties dispute the very existence of this debt, so there are

no grounds for granting a motion for summary judgment for either

party on this claim.

Plaintiff also alleges a violation of this section

because Defendant initiated arbitration on this claim in April of

-7-

2005, which, even if the debt were otherwise owed, is not owed due to it being time barred.  Section 1692f(1) states that "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" is a violation of the section.  It is of dubious authority to file a claim about initiating arbitration of a time-barred claim pursuant to this section of the FDCPA given the plain language of the statute.  The authority to which Plaintiff cites includes an unpublished opinion from the Northern District of Illinois that does not address a specific section of the FDCPA, and an opinion from the District of Maryland that grounds the theory of recovering for initiation of a time-barred claim in 15 U.S.C. § 1692e.  *See Wallace v. Capital One Bank*, 168 F. Supp. 2d 526 (D. Md. 2001); *Weniger v. Arrow Fin. Servs. LLC.*, 2004 U.S. Dist. LEXIS 23172 (N.D. Ill. November 17, 2004).

Plaintiff also finds authority for this claim in *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987), which does evaluate a time-barred claim under § 1692f.  Yet, the facts in *Kimber* are distinguishable from those here.  In *Kimber*, "there is no question that the debt FFC sought from Kimber was barred as stale," since regardless of which of a number of different limitations period applied, the statute of limitations period had run many years prior to the initiations of the suit.

*Id.* at 1488.  This is in distinct contrast to the present case, where Plaintiff alleges that the limitations period had run but one month prior to the initiation of arbitration proceedings. This does not rise to the level of unfairness or unconscionability that § 1692f addresses; thus Defendant's motion for summary judgment will be granted as to this claim under § 1692f.

Finally, Plaintiff claims a violation of 15 U.S.C. § 1692f(1) because Defendant included interest charges that were not authorized in its amount claimed.  Just as the first claim under § 1692f(1) is inappropriate for summary judgment due to a dispute over whether this debt even exists, so too this claim is inappropriate for summary judgment.  The parties are again seeking summary judgment in an area of their litigation that is littered with dispute, and summary judgment is plainly inappropriate when such dispute exists.

D. Violation of 15 U.S.C. § 1692g(a)

Plaintiff claims a violation of 15 U.S.C. § 1692g(a) because Defendant allegedly never provided Plaintiff with a notice of debt containing the statutorily mandated notices. Defendant contends, however, that it sent correspondence to Plaintiff on April 11, 2003 titled First Notice, which included the required information.  Regardless of whether the legal precedent suggests that § 1692g(a) only concerns itself with the

act of sending rather than the act of receiving the notice, it is disputed whether Defendant ever sent this letter.  Defendant forwards the deposition of Kenneth Proctor to prove that the notice was sent, yet Plaintiff forwards his own affidavit to prove that the first communication with Defendant occurred on the phone in August of 2004.  Plaintiff's failure to receive the First Notice is enough to create a dispute about whether the notice was actually sent.  At the summary judgment stage, the Court is prohibited from judging the credibility of the parties and accepting the statements of one party while rejecting the statements of another.

## F. Violation of 15 U.S.C. § 1692g(b)

Finally, Plaintiff claims a violation of 15 U.S.C. § 1692g(b) because Defendant allegedly continued to attempt to collect the alleged debt after Plaintiff gave notice that he was disputing the debt.  Just as with the alleged violation of § 1692c(c), this claim relies entirely on whether Plaintiff sent and Defendant received Plaintiff's letter of August 27, 2004 disputing the debt in issue.  As this is in dispute between the parties, summary judgment is inappropriate on this count.

## IV. Conclusion

For the reasons stated above, the Court will deny in part and grant in part Defendant's motion for summary judgment

and deny in part and grant in part Plaintiff's motion for partial

summary judgment.


June _12_, 2006                    _____/s/_____
Alexandria, Virginia                    James C. Cacheris
                                  UNITED STATES DISTRICT COURT JUDGE

_____